Anthony J. La Marca, Esq. City Attorney City of Glen Cove
You have transmitted a proposed ordinance that would establish a special police department and ask that we review its provsions. Although this office does not as a rule review proposed local enactments, we do offer informal legal advice to municipal attorneys including parameters for preparation of local enactments. In a telephone conversation you specified several questions of interest which we will address.
A city, by local law, may establish a special police department under Municipal Home Rule Law, § 10 (1) (ii) (a) (12). The provision authorizes a city to adopt local laws not inconsistent with the Constitution or with any general law in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein.
To define the duties of the special police it is necessary to determine first whether they possess police officer or peace officer status. The sworn officers of an authorized police department or force of a city are police officers (Criminal Procedure Law, § 1.20 [34] [d]). It is apparent from your city's proposal that there is a city regular police department and that the special police department would be a distinct entity with its own administration. The special police are to work in conjunction with and subordinate to the regular police. The special police are to be empowered to enforce certain designated municipal ordinances, and are to be authorized to supervise traffic, parking and citizen behavior on the city's beaches and parks. We see no requirement in the proposal that the special police take an oath of office and note that the training requirements are to be established by the special police department in the fields of legal, medical and community relations.
We conclude that the special police as described in the proposed ordinance are not police officers. They have limited law enforcement responsibility, are not sworn officers, are subordinate to the regular police and are not required to complete an approved police basic training program as required by law (General Municipal Law, § 209-q).
Nor do the special police have "peace officer" status. Chapter 843 of the Laws of 1980 consolidated all peace officer designations in the laws of the State into section 2.10 of the Criminal Procedure Law. The designation of police officers as peace officers was not carried over into section 2.10 (formerly listed as subdivision 33 [a] of section1.20 of the Criminal Procedure Law). Instead the terms peace officer and police officer are established as distinct and mutually exclusive categories. The intent was to clarify the different powers possessed by each group. There is no designation in the comprehensive list of peace officers that would cover the proposed Glen Cove special police. Thus, they would not be peace officers.
Peace officers and police officers, with the enactment of chapter 843, now have separate and distinct responsibilities in the laws of the State. You should be cognizant of the powers that only police officers and peace officers possess. Those powers cannot be given to your special police. The responsibilities of the special police should be set forth so that there is no conflict with State law granting specific powers exclusively to police officers and peace officers (see, for example, Criminal Procedure Law, §§ 140.10, 140.25, and § 140.30, which govern arrest without a warrant by any person).
Since the special police are not police officers, they need not, prior to appointment, comply with age, educational and fitness requirements of section 58 of the Civil Service Law. Section 58 applies to members of a police force or department who are responsible for the prevention and detection of crime and the enforcement of the general criminal laws of the State.
Should you have any specific questions not answered by this opinion, please let us know.